UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON HAYGOOD,<br><br>Plaintiff,<br><br>v.<br><br>MARINA BOSTANJIAN, M.D.<br><br>Defendants. | Case No. 1:19-cv-01011-EPG (PC)<br><br>AMENDED ORDER ALLOWING PLAINTIFF'S CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT, DR. MARINA BOSTANJIAN TO PROCEED<br><br>(ECF No. 14) |

Plaintiff, Deon Haygood, ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 18, 2019 (ECF No. 1), and a first amended complaint on December 2, 2019 (ECF No. 12). Following the Court's screening order, (ECF No. 13), Plaintiff filed a Second Amended Complaint on February 3, 2020. (ECF No. 14).

The Court has reviewed Plaintiff's Second Amended Complaint and finds that Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Dr. Marina Bostanjian should proceed past the screening stage.

**I.     SCREENING REQUIRMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief

1

against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's second amended complaint alleges as follows:

Defendant Marina Bostanjian is a psychiatrist at Kern Valley State Prison ("KVSP"). On August 17, 2018, while housed in the KVSP crisis bed, Plaintiff was experiencing hallucinations

2

and voices, which were keeping Plaintiff up during the night and causing a lack of sleep. Plaintiff reported his symptoms to Defendant. Defendant told Plaintiff that she would check his file and give him some medication to help with the hallucinations, voices, and lack of sleep.

Plaintiff alleges he is allergic to Remeron. Without telling Plaintiff, Defendant prescribed Plaintiff Remeron among other medications. Plaintiff took all the medications given to him but did not realize he was taking Remeron. Plaintiff took the Remeron for five days. After the first two days, Plaintiff felt a painful tenderness in his groin and armpits. Plaintiff did not have his prescription eyeglasses at the time, so he could not see "it," but he could still feel the tenderness, which he later discovered was a rash. Plaintiff reported his symptoms to the nursing staff, but the staff would not examine "it."

Plaintiff left KVSP crisis bed on August 22, 2018, and was then transferred to CMC state prison. Plaintiff requested his medication and was told by a nurse that "the computer wouldn't let her give [him] Remeron because it was documented as one of his allergies."

The painful rash made it difficult for Plaintiff to walk and move his arms without pain.

Plaintiff then filed a healthcare grievance and requested his medication records from August 17, 2018, to August 22, 2018. He was given the following items: "(1) down time medication administration report which lists all of [his] allergies wherein 'Remeron' is documented as such, and (2) a list of [his] medications which include the times and dates that [his] meds, including Remeron, were administered to [him]."

Plaintiff's grievance was denied at the institutional level, and it was determined that Defendant did not violate CDCR policy. However, Plaintiff resubmitted his appeal to California Correctional Health Care Services Headquarters, and, after review, Headquarters ruled in his favor, concluding that "staff did violate CDCR policy."

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

**A. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment.**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091,

1096 (9th Cir. 2006), (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Regarding the objective standard for prisoners' medical care claims, the Supreme Court of the United States has explained that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Ninth Circuit has defined a "serious medical need" as follows:

> Failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain [;]…[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

As to the subjective standard, a prison official or prison medical provider acts with "deliberate indifference" only if "the official knows of and disregards an excessive risk to inmate health or safety[.]" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (citation and internal quotation marks omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 101, 1057 (9th Cir. 2004) (citation omitted).

However, "whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence,…and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

"Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison [officials] provide medical care." *Jett*, 439 F.3d at 1096 (citations and internal quotation marks omitted). "[T]he indifference to a [prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical

4

malpractice' will not support this [claim]." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted). "Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Lemire v. Cal. Dep't. of Corrections and Rehabilitation*, 726 F.3d 1062, 1082 (9th Cir. 2013).

The Court finds that Plaintiff's allegations, liberally construed, state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Marina Bostanjian. First, as to the objective component, the Court finds that an allergy to Remeron is objectively serious under the Eighth Amendment analysis because Plaintiff alleges it caused a painful rash, making it difficult to walk and move his arms without pain. Thus, it is a "medical condition that significantly affects [Plaintiff's] daily activities" and causes "chronic or substantial pain…" *McGuckin*, 974 F.2d at 1059-60.

Second, construing all facts in favor of Plaintiff, Plaintiff has alleged sufficient facts to infer Defendant's deliberate indifference to the serious medical need. Plaintiff alleges that Defendant told him she would consult his "file," which would have revealed his Remeron allergy. Plaintiff knows that his "file" would have revealed his allergy because another nurse told him that the allergy was documented and because his "medication administration report"—which is presumably in his "file"—also documents the Remeron allergy. While it is not clear that Defendant had actual knowledge of Plaintiff's Remeron allergy as Plaintiff never expressly alleges that Defendant did consult his file, and while the facts uncovered may demonstrate negligence at most, construing the facts liberally in Plaintiff's favor, the Court will allow the claim to proceed past the screening stage.

Accordingly, Plaintiff has alleged sufficient facts to conclude that Defendant had actual knowledge of the excessive risk that Remeron posed but prescribed it anyway, which is sufficient to state a medical indifference claim. *See Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) (deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that defendant actually knew of a risk of harm).

\\\
\\\

**IV. CONCLUSION AND ORDER**

The Court has screened Plaintiff's Second Amended Complaint and finds that, liberally construed, it states a cognizable claim against Defendant, Dr. Marina Bostanjian for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

As the Court has found that Plaintiff's only claim should proceed past the screening stage, the Court will, in due course, issue an order authorizing service of process on Dr. Bostanjian.

This Amended Order replaces ECF No. 15, which is hereby VACATED.

IT IS SO ORDERED.

Dated: **April 13, 2020**         /s/ Erin P. Grosj
                                          UNITED STATES MAGISTRATE JUDGE